■ In the Matter of 106 DASH INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated August 12, 1969, which disapproved petitioner's application for a special on-premises liquor license

for premises located at 106-04 Northern Boulevard, in Queens County. Determination annulled, on the law, with costs, and matter remitted to the Authority for a proper determination as to public convenience and advantage. The issuance of the license was denied in part on the grounds that petitioner's president is the owner of currently licensed premises which have an " adverse police and license history " and that petitioner has failed to demonstrate that those currently licensed premises "have been operated in an orderly, lawful and proper manner for a reasonable period of time" (9 NYCRR 48.10). The record does not support such a determination. Only three incidents are alleged to constitute the " adverse history " of petitioner's president's currently-licensed premises. On October 21, 1963 a patron refused to pay his bill and became loud and abusive. Petitioner's president summoned the police. The patron then accused the co-owner of the tavern of an assault. This charge was subsequently " thrown out " and the patron paid for the damage he had caused. On April 9, 1965 an unidentified robber held up a neighborhood pharmacy. The pharmacist called the police who scoured the neighborhood and found the culprit drinking at the tavern. He was arrested for carrying a concealed weapon. It was not shown that petitioner's president knew or is chargeable with knowledge that his patron was carrying an illegal weapon. On April 21, 1967 petitioner's president, a member of a civic association, was returning to his premises from a bank when he chanced upon some men fighting in the street, one of whom allegedly was a correction officer. He intervened to stop the fight but was in turn assaulted with a lug wrench and an axe. He retired to his place of business and telephoned the police who ultimately arrested the culprits. The record is devoid of evidence that these men were patrons of the tavern either before or after the fight. In fact the entire incident is completely unrelated to the tavern in question, save for the involvement of petitioner's president. Since 1963, when petitioner's president's premises were licensed, there has not been any other single violation of law or even letter of warning. Accordingly, the claim in the affidavit in support of respondent's answer to the petition that those premises " have been a focal point for assaults and the use of dangerous weapons " and that they have not been operated for a reasonable period of time in an orderly, lawful and proper manner is utterly without support in the record. Hopkins, Latham, Kleinfeld and Brennan, JJ., concur; Rabin, Acting P. J., dissents and votes to confirm the determination and to dismiss the petition on the merits.